**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

TEODORO GALLARDO ALEJANDRINO,

Petitioner,

v.

Case No. 1:26-cv-03124-MIS-GBW

WARDEN, in his Official Capacity as Warden, Cibola County Correctional Center; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Teodoro Gallardo Alejandrino's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed September 21, 2026. On September 22, 2026, the Court ordered Petitioner to show cause why the Petition should not be dismissed, noting that Petitioner's Order of Removal became administratively final on or about September 14, 2026, and his detention was governed by 8 U.S.C. § 1231. ECF No. 3. The Court noted further that Zadvydas v. Davis, 533 U.S. 678, 701 (2001) provides for a presumptively reasonable 6-month period of detention during the removal period. As of the date of this Order, Petitioner has not responded to the Order to Show Cause.

Briefly, Petitioner is a citizen of Mexico who has lived in the United States since 2004. Pet. at ¶ 5. On January 23, 2026, Petitioner was taken into custody by U.S. Immigration and Customs Enforcement ("ICE"). Id. at ¶ 4. He has been in custody ever since and is currently detained at the Cibola County Correctional Center in Milan, New Mexico. Id. at ¶¶ 20-21. During his detention, Petitioner had a bond hearing on March 4, 2026, where an Immigration Judge denied his bond application based on a finding that Petitioner was a danger to the community. Id. at ¶ 12. An Immigration Judge issued an Order of Removal against Petitioner on March 24, 2026. Id. Petitioner appealed the Removal Order, but according to the Executive Office for Immigration Review's ("EOIR") website, his appeal was dismissed on September 14, 2026. EOIR.

Section 1226 of the Immigration and Nationality Act ("INA") governs the detention of noncitizens found within the United States pending decisions on whether the noncitizen is to be removed from the United States. 8 U.S.C. § 1226(a). However, when an order of removal becomes administratively final, as has happened in this case, the authority to detain a noncitizen shifts to 8 U.S.C. § 1231(a). See Tairab v. Noem, No. CIV 26-0450 JB/KRS, 2026 WL 2111474, at *1 (D.N.M. July 22, 2026); Uguna-Sotamba v. Castro, No. CIV 26-0582 JB/GJF, 2026 WL 2117465, at *5 (D.N.M. July 22, 2026); Sotelo Ayala v. Larose, No. 26-CV-5055-RSH-KSC, 2026 WL 2959996, at *3 (S.D. Cal. Oct. 1, 2026); Cuellar-Quijada v. Soto, No. CV 26-1254 (ZNQ), 2026 WL 2665705, at *1 (D.N.J. Sep. 10, 2026); Aguina-Arreola v. Holder, No. 13-CV-02942-RM-KMT, 2014 WL 128559, at *3 (D. Colo. Jan. 10, 2014).

Section 1231(a)(2) generally requires the detention of the noncitizen during the removal period, which under § 1231(a)(1)(A) lasts for 90 days. Once beyond the 90-day removal period, § 1231(a)(6) allows for continued discretionary detention. 8 U.S.C. § 1231(a)(6). However, § 1231(a) does not give the government license to detain indefinitely. Zadvydas, 533 U.S. at 701.

Once detention "exceeds a period reasonably necessary to secure removal" and removal "is no longer reasonably foreseeable," detention under § 1231(a) becomes constitutionally excessive. Id. Zadvydas recognized a 6-month "presumptively reasonable period of detention." Id.

Where a petitioner's removal order becomes final during a period of detention at its onset was authorized under § 1226(a), courts have declined to consider whether the detention is sufficiently prolonged prior to the expiration of the presumptively reasonably period of detention. See Lorenzo v. Warden, No. 1:26-CV-04805-DC-SCR (HC), 2026 WL 3151046, at *1 (E.D. Cal. Oct. 21, 2026); Higiro v. Nessinger, No. 26-CV-450-JJM-PAS, 2026 WL 2641642, at *4 (D.R.I. Sep. 8, 2026); Moya v. Mullin, No. CIV-26-977-D, 2026 WL 2497153, at *3 (W.D. Okla. Aug. 25, 2026); Leyva v. Walker, No. 26-CV-01634-NYW, 2026 WL 2096876, at *3 (D. Colo. July 21, 2026); Khouma v. Crawford, No. 2:26CV414, 2026 WL 2363470, at *3 (E.D. Va. June 30, 2026), report and recommendation adopted, No. 2:26CV414, 2026 WL 2342533 (E.D. Va. Aug. 12, 2026). This outcome makes sense, for as the Supreme Court recognized, the purpose of detention under § 1231(a)(2) is "assuring the alien's presence at the moment of removal." Zadvydas, 533 U.S. at 699.

As Petitioner has been in custody only 43 days since his removal order became administratively final, he must remain in mandatory detention pursuant to 8 U.S.C. § 1231(a)(2) and there is no basis for release from custody. Of course, this may change, and he may file another petition and the court in that case can evaluate his time in custody and whether there is a "significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701.

Accordingly, it is **HEREBY ORDERED** that Petitioner Teodoro Gallardo Alejandrino's Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED** without prejudice.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE